# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Criminal Action No. |
| ) | 19-00367-01-CR-W-RK |
| JIMMY J. LARS, ) | |
| ) | |
| Defendant. ) | |

## REPORT AND RECOMMENDATION

On December 6, 2019, counsel for defendant Lars filed a motion pursuant to 18 U.S.C. § 4241 for a determination of the mental competency of the defendant to stand trial. That motion was granted and, prior to holding a hearing to determine the mental competency of the defendant, the Court entered its Order pursuant to 18 U.S.C. § 4241(b) directing that a psychological or psychiatric examination of the defendant be conducted and that a psychological or psychiatric report be filed with the Court pursuant to 18 U.S.C. §§ 4247(b) and (c).

The Court has now received the psychological or psychiatric report of Dr. Nybo which concluded that the defendant is incompetent to understand the nature and consequence of the proceedings against him/her and to assist properly in his/her defense. This report has been provided to and reviewed by counsel for the government and counsel for the defendant. On June 8, 2020, a hearing was held pursuant to 18 U.S.C. § 4247(d) for the purpose of determining the mental competency of the defendant to stand trial. At this hearing, counsel for the government and counsel for the defendant stipulated that the Court could consider the psychological or psychiatric report of Dr. Nybo as if Dr. Nybo had appeared in person and

testified under oath. No additional evidence was offered by the government or by the defendant.

Based on the record before the Court and the findings of Dr. Nybo, it is

RECOMMENDED that the District Court, after conducting its own independent review of the record, find that defendant (full name) is incompetent to understand the nature and consequence of the proceedings against him/er and to assist properly in his/her defense. It is further

RECOMMENDED that, pursuant to 18 U.S.C. 4241(d), the Court enter an order committing defendant Lars to the custody of the Attorney General for hospitalization and treatment in a suitable facility for a reasonable time up to 120 days to determine whether there is a substantial probability that in the foreseeable future, the defendant will attain the capacity to permit the trial to proceed.

Counsel are reminded that each has 14 days from the date of receipt of a copy of this Report and Recommendation to file and serve specific objections to the same. A failure to file and serve timely objections shall bar attack on appeal of the factual findings in this Report which are accepted or adopted by the District Judge except upon the ground of plain error or manifest injustice.

                                               */s/ JOHN T. MAUGHMER*
                                               JOHN T. MAUGHMER
                                               United States Magistrate Judge

Kansas City, Missouri