IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 19-00367-01-CR-W-RK |
| | ) | |
| JIMMY J. LARS, | ) | |
| | ) | |
| Defendant. | ) | |

## REPORT AND RECOMMENDATION

On November 12, 2019, the grand jury issued a six-count indictment charging Defendant Jimmy J. Lars, Jr. with distributing marijuana in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(D) (Counts One through Three), possessing with the intent to distribute marijuana in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(D) (Count Four), possessing a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A) (Count Five), and being a felon in possession of a firearm in violation 18 U.S.C. §§ 922(g)(1) and 924(a)(2) (Count Six). Doc. 1.

On December 6, 2019, defense counsel filed a motion for determination of mental competency pursuant to 18 U.S.C. § 4241. Doc. 13. The Court granted the request. Doc. 14. After the initial psychiatric report was received (Doc. 17), the Court conducted a competency hearing on June 8, 2020. Doc. 23. Soon thereafter, Magistrate Judge John T. Maughmer issued a report, recommending the District Court find Defendant was incompetent to understand the nature and consequences of the proceeding against him and assist in his defense. Doc. 22 at 2. Judge Maughmer also recommended Defendant be committed to the Attorney General's custody for hospitalization and treatment in a suitable facility to determine whether there was a substantial probability that, in the foreseeable future, Defendant would attain the capacity to permit the trial to proceed. *Id.* Neither party objected to Judge Maughmer's Report and Recommendation.

On August 14, 2020, District Judge Roseann Ketchmark adopted Judge Maughmer's Report and Recommendation. Doc. 24. Judge Ketchmark remanded Defendant "to the custody of the Attorney General for hospitalization and treatment in a suitable facility for a reasonable time up to 120 days to determine whether there is a substantial probability that in the foreseeable future, the defendant will attain the capacity to permit the trial to proceed." *Id*.

Pursuant to 18 U.S.C. § 4241(d)(1), Defendant was hospitalized for treatment to determine whether there is a substantial probability he will attain the capacity to permit the trial to proceed in the foreseeable future. On July 21, 2021, a forensic evaluation report was issued by Dylan Songer, M.A., M.S., and Doctoral Psychology Intern, who was supervised by Forensic Psychologist Dr. Kristina Lloyd and Neuropsychologist Dr. Tracy O'Connor Pennuto). Doc. 38 at 4-22. The report opined Defendant's mental disease or defect (schizophrenia) is well managed by psychotropic medication. *Id.* at 21. The report also concluded Defendant is presently able to understand the nature and consequence of the proceedings against him and to assist properly in his defense. *Id.* The report was accompanied by a Certificate of Restoration of Competency to Stand Trial, dated July 21, 2021, which was signed by T. Scarantino who is the complex warden for Federal Medical Center - Butner. *Id.* at 3.

The Court also received an addendum to the forensic evaluation report, dated August 12, 2021. Doc. 39 at 2-3. The addendum was prepared by Dr. Lloyd and reiterated the prior conclusion that Defendant is presently able to understand the nature and consequences of the proceedings against him and to assist properly in his defense. *Id.* at 3. The addendum also emphasized the medical opinion was "contingent on the continued, consistent compliance with his current medication regimen." *Id.* The addendum "strongly advised that he continue to receive the prescribed medication, regardless of placement, without disruption." *Id.*

On August 23, 2021, the undersigned conducted a hearing pursuant to 18 U.S.C. §§ 4241(c)-(e) and 4247(d) to determine Defendant's mental competency to stand trial. Docs. 41, 43. At this hearing, both counsel for the Government and counsel for Defendant confirmed they received copies of the psychiatric report, the addendum to the psychiatric report, and the certificate of restoration. Doc. 43 at 3-4. In addition, counsel for the Government and counsel for Defendant stipulated that if called to testify, the individuals who prepared both reports would testify consistent with their respective reports. *Id*. Neither party presented additional evidence or argument on the issue of restoration or current competency to proceed. *Id*.

Based on the record before the Court and the uncontroverted evidence to which the parties stipulate, including the findings of Mr. Songer and Dr. Lloyd, it is

RECOMMENDED that the District Court, after conducting its own independent review of the record, find Defendant Lars's competence to stand trial has been restored and Defendant is presently competent to understand the nature and consequence of the proceedings against him and to assist properly in his defense.

Counsel are reminded that each has 14 days from the date of receipt of a copy of this Report and Recommendation to file and serve specific objections to the same. A failure to file and serve timely objections shall bar attack on appeal of the factual findings in this Report which are accepted or adopted by the District Judge except upon ground of plain error or manifest injustice.

In addition, it is

ORDERED that the United States Marshals Service send a copy of the forensic evaluation report (Doc. 38) and the addendum to the forensic evaluation report prepared by Dr. Lloyd (Doc. 39) to CoreCivic to be placed in Defendant's medical file. The report is to be used for no purpose other than Defendant's medical and mental health treatment at CoreCivic. Based on the findings

set forth in both reports, the Court strongly urges CoreCivic continue the medication regimen prescribed by Dr. Lloyd at Federal Medical Center – Butner (*see* Doc. 39 at 3) to ensure Defendant's current mental health status and future competency is not compromised.

DATED: August 25, 2021     */s/ W. Brian Gaddy*
W. BRIAN GADDY
UNITED STATES MAGISTRATE JUDGE